IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-199-BO-KS

GREGORY OXENDINE, as Administrator )
of the Estate of Matthew Oxendine, )
         Plaintiff, )
)
v. )    O R D E R
)
GARRET PAUL HUNT, *et al.*, )
         Defendants. )

This cause comes before the Court on defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and a hearing on the motion was held before the undersigned on December 1, 2023, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion is denied without prejudice.

BACKGROUND

This case arises out of the death of Matthew Oxendine on January 9, 2021. As is alleged in the complaint, on January 9, 2021, Mr. Oxendine called 911 but then told the dispatcher that he would be alright, that he did not need anyone, and that he would "bleed out." Mr. Oxendine's sister then contacted the Robeson County Sheriff's Office and informed them that Mr. Oxendine would be fine. Robeson County Sheriff's Deputies contacted Mr. Oxendine by telephone and Mr. Oxendine allegedly made "contingent threats" that he would shoot deputies who went to his property.

The defendant deputies went to Mr. Oxendine's property in Pembroke, North Carolina. Upon arrival, deputies used a tactical vehicle to ram Mr. Oxendine's car to disable it, and then

attempted to unlawfully take Mr. Oxendine into custody. "Defendants contend that Matthew Oxendine was armed and pointed a sawed-off shotgun at one of them. To complete the arrest, Defendants shot Matthew Oxendine multiple times, killing him at the scene." [DE 1] Compl. ¶ 23.

Plaintiff filed this case alleging claims under 42 U.S.C. § 1983 for unlawful arrest and excessive force in violation of the Fourth and Fourteenth Amendments and for violation of plaintiff's substantive due process rights. Plaintiff also alleges a claim for gross negligence against the Robeson County Sheriff's Office, Sheriff Wilkins, and the Sheriff's surety bond. Defendants have moved for judgment on the pleadings as to each of plaintiff's claims, excepting plaintiff's unlawful arrest claim. At the hearing before the undersigned, plaintiff's counsel indicated that he would be withdrawing plaintiff's substantive due process and gross negligence claims.

## DISCUSSION

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

Defendants argue that the complaint fails to allege facts which would support the excessive force claim, specifically because the complaint alleges that defendants contend that Mr. Oxendine was armed and pointed a shotgun at one of the deputies. Defendants further argue they are entitled to qualified immunity because at the time of this incident it was not clearly established that a law

2

enforcement officer could not use deadly force where a suspect has threatened to shoot officers and pointed a gun at approaching officers.

"*[A]ll* claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). Law enforcement officers violate an individual's Fourth Amendment rights when they effect a seizure using excessive force. *Schultz v. Braga*, 455 F.3d 470, 476 (4th Cir. 2006). Whether an officer used excessive force to effect a seizure is analyzed under an objective reasonableness standard, without regard to the officer's subjective intention or motivation. *Id.* at 477.

A court does consider, however, the facts and circumstances confronting the officer, and it must focus its attention on the moment the force was employed. *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (citations omitted). Specific factors to be considered are the severity of the crime at issue, whether the suspect poses an immediate threat, and whether the suspect is actively resisting or attempting to flee. *Graham*, 490 U.S. at 396. "A police officer may use deadly force when the officer has sound reason to believe that a suspect poses a threat of serious physical harm to the officer or others." *Elliott v. Leavitt*, 99 F.3d 640, 642 (4th Cir. 1996) (citing *Tennessee v. Garner*, 471 U.S. 1 (1985)). Whether the officer's conduct was reasonable is a question of law to be decided after determining "the relevant set of facts and draw[ing] all inferences in favor of the nonmoving party to the extent supportable by the record." *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007).

At the hearing before the undersigned, counsel for plaintiff agreed that, should the Court grant leave to do so, an amended complaint would assist in clarifying the pleadings. In light of the

3

liberal standard for granting leave to amend, *see Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted), the Court will permit plaintiff a brief period within which to file an amended complaint. Accordingly, the Court will deny defendants' Rule 12(c) motion without prejudice.

## CONCLUSION

For the foregoing reasons, plaintiff is permitted through and including December 28, 2023, to file an amended complaint. Defendants' motion for judgment on the pleadings [DE 27] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this __7__ day of December 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE